IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KEVIN ELWOOD BULLOCK,                )
                                     )
                    Petitioner,      )
                                     )
            v.                       )       1:18CV547
                                     )       1:01CR294-1
UNITED STATES OF AMERICA,            )
                                     )
                    Respondent.      )

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the validity of the term of supervised release imposed in his case in light of the Supreme Court's decision Johnson v. United States, 135 S. Ct. 2551 (2015).

Generally, petitions pursuant to § 2241 challenge the execution or computation, as opposed to the validity or legality, of the conviction or sentence. Notwithstanding, relief pursuant to § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of their detention. See 28 U.S.C. § 2255(e); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). This provision is referred to as the "savings clause" of § 2255. It is beyond question, however, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Id. at 333 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th

Cir. 1999)); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A contrary rule would effectively nullify the gatekeeping provisions. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)). Under Jones, § 2255 is "inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-34; see also United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) (extending Jones to include sentencing errors sufficiently grave to be deemed a fundamental defect).

Here, Petitioner has already attacked the same conviction and sentence in a previous § 2255 motion (Case No. 1:03CR194) which was dismissed with prejudice. He has not obtained permission from the Court of Appeals to file a second or successive motion pursuant to § 2255. Jones, 226 F.3d at 333-34. In addition, he does not attempt to satisfy the savings clause provisions set out above. The Court notes that Petitioner is raising claims based on Johnson v. United States, which would require Petitioner to obtain authorization from the Court of Appeals, and would not involve resort to the savings clause.

IT IS THEREFORE RECOMMENDED that this action be filed and then dismissed *sua sponte* for Petitioner's failure to obtain authorization for a second or successive § 2255 motion from the Court of Appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

2

IT IS ORDERED that the Clerk send Petitioner a copy of this Recommendation and instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 6th day of November, 2018.

/s/ Joi Elizabeth Peake
United States Magistrate Judge